Howell RILEY & Christie Riley *v.* ARKANSAS DEPARTMENT
OF HEALTH & HUMAN SERVICES

CA 06-893                                                    253 S.W.3d 928

Court of Appeals of Arkansas
Opinion delivered March 21, 2007

*David L. Moore, P.A.*, by: *David L. Moore*, for appellant.

*Gray Allen Turner*, for appellee Arkansas Department of Health
& Human Services.

LARRY D. VAUGHT, Judge. Appellant Howell Riley's pa-
rental rights to his minor son, S.H., were terminated on
May 2, 2006. Riley's sole argument on appeal is that the termination
was improper because S. H. was not "out of the home" for more than
twelve months as required by Ark. Code Ann. § 9-27-341 (Repl.
2002).

The facts of this case are not in dispute. On April 18, 2005,
S.H. was placed in foster care. Less than one year later, on April 6,
2006, a hearing relating to the Arkansas Department of Health and
Human Service's petition to terminate Riley's parental rights was

conducted. At the hearing, Elizabeth Leakey, a family-service worker with the DHHS, admitted that S.H. had not been out of the home for the requisite twelve months. Based on this deficiency, Riley moved to dismiss the termination petition. Specifically, he stated that the DHHS petition was based "a lot on, or in part that the child had been out of the home for in excess of [twelve] months. That's not true."

In its letter order terminating Riley's parental rights, the trial court acknowledged the fact that *at the time of the hearing* S.H. "had not been in care quite twelve months." However, the trial court found that despite this DHHS had "shown by clear and convincing evidence that the parental rights of Mr. Riley should be terminated." It is from this finding that Riley now appeals.

Although this issue has never been directly addressed by either our court or the supreme court, the holding in *Ullom v. Ark. Dep't of Human Servs.*, 340 Ark. 615, 12 S.W.3d 204 (2000), provides illuminating dictum relating to this precise issue. In *Ullom*, the supreme court refused to address an argument that "termination was not proper because [the child] was not 'out of the home' for more than twelve months" because the issue was not presented at trial. *See Ullom*, 340 Ark. at 621, 12 S.W.3d at 208. However, the court went on to state that "the child had clearly been out of the home for more than twelve months at the time the termination order was entered." *Id.*, 12 S.W.3d at 208. This language is instructive as we consider the proper way to measure the twelve-month period outlined in Ark. Code Ann. § 9-27-341. According to our supreme court's interpretation of this temporal-statutory mandate, the clock commences on the date the child is removed from the home and does not stop until the termination order is entered.

Therefore, because S.H. was placed in foster care on April 18, 2005, and the termination order was not entered until May 3, 2006, he had been out of Riley's custody for over one year as required by the statute. In accord with the reasoning espoused in *Ullom*, any error resulting from DHHS's premature filing of the termination petition was cured once the twelve-month time threshold was satisfied. Moreover, in its order, the trial found that S.H. had been subjected to aggravated circumstance based on the court's doubt that "reunification could ever be accomplished" "within a reasonable time from the child's development." Riley does not contest this finding by the trial court, which is a separate

and sufficient ground to support the termination. For the forego-
ing reasons, the decision of the trial court is affirmed.

Affirmed.

HEFFLEY and MILLER, JJ., agree.